IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOHN GOODE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-cv-00552-LY |
| | § | |
| GREENSTREAM INTERNATIONAL, LLC, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S MOTION TO DISMISS

Defendant Greenstream International LLC ("Defendant" or "Greenstream") hereby files its Motion to Dismiss the Original Petition filed by Plaintiff John Goode ("Plaintiff" or "Goode") in part, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

## I.  Introduction

Goode filed this lawsuit on April 4, 2016, in the District Court of Travis County, Texas. In his Original Petition, Goode brought claims against Greenstream under the Texas Commission on Human Rights Act ("TCHRA"), the Americans with Disabilities Act ("ADA"), and Title VII, alleging Greenstream discriminated against him on the basis of race and disability and retaliated against him. Greenstream removed the case to this Court. Greenstream seeks dismissal of Plaintiff's TCHRA, ADA, and Title VII claims, because he did not allege that he exhausted his administrative remedies by filing a charge with the Equal Employment Opportunity Commission ("EEOC") or Texas Workforce Commission—Civil Rights Division ("TWC") within the applicable time periods.

## II.   Legal Standards

### A.   12(b)(6) Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the court must generally accept as true all factual allegations contained within the complaint, "that tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The plaintiff must plead "specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

### B.   12(b)(1) Standard

A complaint is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) "when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir.1998). Pleadings must allege the basis of jurisdiction and facts sufficient to establish the existence of jurisdiction. *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir.1984); *Stafford v. Mobil Oil Corp.,* 945 F.2d 803 (5th Cir. 1991). Further, the burden of proof on a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Id.* Where a defendant files a Rule 12(b)(1) motion based solely on the pleadings, the motion is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6). *Benton v. United States*, 960 F.2d 19, 21 (5th Cir.1992).

### C.   Title VII and ADA Exhaustion Requirement

Title VII requires that parties exhaust administrative remedies before instituting suit. 42 U.S.C. § 2000e-5(e). "In a state that, like Texas, provides a state or local administrative

mechanism to address complaints of employment discrimination, a title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the conduct alleged." *Jones v. Texas Juvenile Justice Dept.,* 2016 WL 1612796, n. 3 (5th Cir. April 21, 2016) (*quoting Huckabay v. Moore,* 142 F.3d 233, 238 (5th Cir.1998)). A plaintiff must file a charge within the statutory time period or a later suit is barred as a matter of law. *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 109 (2002) ("A claim is time barred if it is not filed within these time limits."); *see also, Jones,* 2016 WL 1612796, n. 4 ("If an EEOC charge is untimely filed, a suit based upon the untimely charge should be dismissed.") *(quoting Barrow v. New Orleans S.S. Ass'n,* 932 F.2d 473, 476–77 (5th Cir.1991)). The exhaustion requirement of Title VII also applies to claims under the ADA. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996).

### D.      TCHRA Exhaustion Requirement

The TCHRA requires that a person claiming to be aggrieved by an unlawful employment practice must file a complaint with the TWC. TEX. LABOR CODE 21.201(a). The statute further requires a complaint must be filed within 180 days after the date the alleged unlawful employment practice occurred. TEX. LABOR CODE 21.202(a), (b). It is well established in Texas that failure to exhaust before filing suit deprives the court of jurisdiction. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 488 (Tex. 1991)*, rev'd on other grounds,* 307 S.W.3d 299 (2010); *Lueck v. State,* 325 S.W.3d 752, 766 (Tex.App.—Austin 2010, pet. denied). Likewise, the 180-day filing requirement is also mandatory and jurisdictional. *Lueck,* 325 S.W.3d at 766 ("we conclude that the timely filing requirement contained in section 21.202 of the labor code is part of an administrative process that must be exhausted before filing suit for employment discrimination. Unless a party has exhausted this requirement, the trial court lacks subject-matter jurisdiction over his suit."); *Park v. Escalera Ranch Owners' Association, Inc.,* 457 S.W.3d 571, n. 7 (Tex.App.—Austin 2015, no pet.) ("Failure to exhaust the TCHRA's remedies, including the

timely filing of an administrative complaint, before filing a civil action is a jurisdictional defect."); *see also, Martin v. National Instruments Corp.,* 2013 WL 3013881 at *3 (Tex.App.—Austin June 11, 2013, no pet.) ("If more than 180 days from that date passed before [plaintiff] filed his complaint with either the EEOC or the TWC, the trial court lacked jurisdiction over his suit and was required to dismiss it.").

## III.    <u>Argument</u>

A plaintiff must timely comply with the applicable administrative prerequisites before filing a lawsuit under the TCHRA, ADA, and Title VII. *Morgan*, 536 U.S. at 109 (Title VII); *Dao*, 96 F.3d at 789 (ADA); *Lueck*, 325 S.W.3d at 766 (TCHRA). Plaintiff's Original Petition does not allege he filed a charge with the EEOC or TWC within the applicable time periods. Accordingly, Plaintiff's claims under the TCHRA, ADA, and Title VII should be dismissed. *See e.g.*, *Jaber v. Metro. Transit Auth. of Harris County, Tex.*, 2014 WL 4102120, at *2 (S.D. Tex. Aug. 14, 2014) ("Where exhaustion of administrative remedies is a prerequisite to filing suit, failure to plead satisfaction of this prerequisite forms a proper basis for a Rule 12(b)(6) dismissal."); *Melgarejo v. 24 Hour Prof'l Janitorial Services, LP*, 2008 WL 958203, at *4 (N.D. Tex. Apr. 8, 2008) ("Thus, unless the Plaintiff can at least allege, with sufficient specificity, that it exhausted its administrative remedies, its federal claims under [Title VII] against Defendant 24 Hour are legally barred. The Court will therefore dismiss those claims with prejudice.").

## IV.    <u>Conclusion</u>

Based on the foregoing, Defendant respectfully requests the Court grant this motion, dismiss Plaintiff's claims under the TCHRA, the ADA, and Title VII, and award Defendant such other and further relief to which it may be entitled.

Respectfully submitted,

BOULETTE GOLDEN & MARIN L.L.P.


By:      /s/ Tanya D. DeMent
   Michael J. Golden
   State Bar No. 24032234
   Tanya D. DeMent
   State Bar No. 24036468
   mike@boulettegolden.com
   tanya@boulettegolden.com

2801 Via Fortuna, Suite 530
Austin, Texas 78746
Tel: (512) 732-8902
Fax: (512) 732-8905

ATTORNEYS FOR GREENSTREAM

## CERTIFICATE OF SERVICE

   The undersigned hereby certifies that on May 13, 2016, a true and correct copy of the above and foregoing document was electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

  John F. Melton
  The Melton Law Firm, P.L.LC.
  2705 Bee Cave Road, Suite 220
  Austin, Texas 78746
  jmelton@jfmeltonlaw.com


         /s/ Tanya DeMent
      Counsel for Defendant